UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MARIA GARCIA,

    Plaintiff,

v.                                                    Case No.:  8:24-cv-800-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Angela Maria Garcia seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.  **Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on March 8, 2023, alleging disability beginning on February 28, 2015. (Tr. 55, 165-66). Plaintiff later amended the alleged onset date to September 5, 2018. (Tr. 17, 35). The application was denied initially and on reconsideration. (Tr. 55, 56). Plaintiff

requested a hearing, and on December 5, 2023, a hearing was held before Administrative Law Judge Glen Watkins ("ALJ"). (Tr. 32-49). On January 12, 2024, the ALJ entered a decision finding Plaintiff not under a disability from September 5, 2018, the amended alleged onset date, through December 31, 2020, the date last insured. (Tr. 17-27). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request February 7, 2024. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on April 2, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from September 5, 2018, through the date last insured of December 31, 2020. (Tr. 19). At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: "back impairment, hip impairment, migraines, and post-traumatic stress disorder." (Tr. 19). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 20).

Before proceeding to step four, the ALJ found that through the date last insured Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) such that the claimant is limited to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday, with normal breaks. In addition, the claimant is limited to understand, remember, and carry out simple, routine tasks and instructions, with a reasoning level of 1 or 2; occasional interaction with the public; and occasional changes of the work setting.

(Tr. 22).

At step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform past relevant work as a personnel clerk. (Tr. 26). At step five, the ALJ found that through the date last insured and considering Plaintiff's age (48 years old on the date last insured), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 26). Specifically, the vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

  (1) Box Sealing Inspector, DOT[1]  641.687-014, light, SVP 2

  (2) Inspector, Hand Packager, DOT 559.687-074, light, SVP 2

  (3) Marker, DOT 209.587-034, light, SVP 2

(Tr. 27). The ALJ concluded that Plaintiff had not been under a disability from September 5, 2018, the amended alleged onset date, through December 31, 2020, the date last insured. (Tr. 27).

## II. Analysis

On appeal, Plaintiff challenges the ALJ's RFC assessment as it relates to Plaintiff's severe impairment of migraine headaches. (Doc. 12, p. 1). Plaintiff contends that at step two, the ALJ found, among other things, that Plaintiff's migraine headaches were a severe impairment. (Doc. 12, p. 13). As such, Plaintiff claims that the ALJ must include limitations in the RFC assessment to accommodate this limitation, but failed to do so. (Doc. 12, p. 13).

The Commissioner argues that the ALJ thoroughly considered Plaintiff's migraine headache impairment and properly assessed the RFC. (Doc. 14, p. 1). The Commissioner contends that the ALJ acknowledged that although Plaintiff claimed she suffered from two to three migraines per month, her medical records from the

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

relevant period showed that her migraines were fairly under control with medication and she experienced less frequent migraines. (Doc. 14, p. 6). The Court disagrees.

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

In the decision, the ALJ found Plaintiff had a severe impairment of migraine headaches at step two. (Tr. 19). The ALJ also found that this severe impairment, along with the other severe impairments, "significantly limit the ability to perform basic work activities as required by SSR 85-28." (Tr. 20). The ALJ acknowledged that Plaintiff alleged her inability to work was due in part to her migraine headaches. (Tr. 23). The ALJ further acknowledged that Plaintiff "testified that she gets two to three migraines a month." (Tr. 23). The ALJ found that treatment notes showed

Plaintiff was positive for migraine headaches, she treated the problem with medications, and these medications helped with the pain. (Tr. 24). The ALJ also found that Plaintiff's condition was fairly well-controlled and the frequency of migraine headaches had improved. (Tr. 24). Other than these mentions of migraine headaches, the decision has no further references to this severe impairment.

Even though the ALJ found migraine headaches a severe impairment at step two, he failed to articulate what significant limitations to work activity were caused by this impairment, or if none, then he needed to state that this impairment was non-severe. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021) (citing *Battles v. Colvin*, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, at *3 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, No. 8:15-CV-339-T-33TGW, 2016 WL 3258423 (M.D. Fla. June 14, 2016). While the RFC has some limitations that could be attributed to migraine headaches – such as limiting Plaintiff to understanding, remember, and carrying out simple, routine tasks, and instructions, with a reasoning level of 1 or 2, occasional interaction with the public, and occasional changes of the work setting. – the ALJ did not link these limitations to Plaintiff's complaints of migraine headaches. (Tr. 22). Indeed, these limitations could also apply to one of Plaintiff's other impairments, such as post-traumatic stress disorder. Nor did the ALJ address the possible limitations caused by the frequency,

duration, and severity of the migraine headaches, even though acknowledging that Plaintiff testified to having two to three migraines a month. (Tr. 23). While the ALJ found that medication helped with the pain and frequency, the ALJ did not explain how the occurrence of migraine headaches two to three times per month would allow Plaintiff to perform full-time work without interruptions from this impairment. For instance, at the hearing Plaintiff testified that her migraine headaches lasted between three and six hours, and when suffering from a migraine headache, she had to lie down, in a dark room, and takes medication that lessens but does not alleviate the pain. (Tr. 36-37). The ALJ cannot have it both ways. *Battles*, 2016 WL 3360428, at *3. In other words, he had articulate what significant limitations migraine headaches caused or, if none, then find this impairment was non-severe. *Battles*, 2016 WL 3360428, at *3.

The Court should not be left to speculate about the functional impact caused by a severe impairment, such as migraine headaches, and whether such impact was reflected in the RFC. *See Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021). Remand is warranted given the ALJ's failure to clearly articulate the exact limitations caused by Plaintiff's migraine headaches in her functional ability to work.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's impairment of migraine headaches and any functional limitations associated with this impairment, specifically address the frequency, duration, and severity of the migraines, and consider how they impact the RFC assessment. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 26, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties